IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**KIM GUNTER**,

    *Plaintiff,*

  v.

**DREXEL UNIVERSITY**,

    *Defendant.*

**Case No. 2:23-cv-02451-JDW**

## ORDER

**AND NOW**, this 18th day of June, 2024, upon consideration of Plaintiff Kim Gunter's Motion To Alter Or Amend Under Rule 59(e) May 20, 2024 Order Granting Defendant Drexel University's Motion For Sanctions Related To Plaintiff's Failure To Timely Make Expert Disclosures (ECF No. 66), I note as follows.

1. As I noted in a prior Order, Ms. Gunter's Motion seeks reconsideration of my Order dated May 20, 2024, sanctioning her for her failure to produce all of the facts and data her experts considered by the deadline I imposed. The Court's Local Rules of Civil Procedure permit litigants to seek reconsideration of interlocutory orders within fourteen days, so the fact that Ms. Gunter mistakenly relied on Federal Rule of Civil Procedure 59(e) does not prevent me from considering her motion. *See* L. R. Civ. P. 7.1(g).

2. "A court may reconsider a prior ruling if the moving party shows (a) an intervening change in the controlling law, (b) the availability of new evidence that was not

available when the court issued its order, or (c) the need to correct a clear error of law or fact or to prevent manifest injustice." *Domus BWW Funding, LLC v. Arch Ins. Co.*, No. 23-cv-94-JDW, 2024 WL 2707013, at *1 (E.D. Pa. Jan. 8, 2024). "[M]otions for reconsideration are granted sparingly." *Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 420 (E.D. Pa. 2014) (citation omitted). Ms. Gunter has not met her burden to show that reconsideration is warranted.

3. As an initial matter, it is not clear to me that Dr. Alexis Beattie's ability to access the UnRESTS and other self-reporting measures online constitutes "new" evidence. In the context of a reconsideration motion, new evidence is "evidence that a party could not earlier submit to the court because that evidence was not previously available." *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011). Ms. Gunter contends that sanctions were not warranted because, after I entered my Order, Dr. Beattie testified at her deposition that she was able to look-up the UnRESTS measures online. In charging Drexel with unclean hands, Ms. Gunter points out that Dr. Beattie's rebuttal report (dated April 22, 2024) refers to the UnRESTS measure and its accompanying instructions. If (as Ms. Gunter contends) Drexel should have known that Dr. Beattie considered UnRESTS in rendering her opinion based on this passing reference, then the same is true for Ms. Gunter, as she received the report long before I held a hearing on Drexel's motion for sanctions. Thus, this evidence is not new; Ms. Gunter could have presented it at the hearing.

4. In any event, even if Dr. Beattie's consideration of UnRESTS and other measures was new evidence, it would not warrant reconsideration of my Order sanctioning Ms. Gunter because it does not change the fact that Ms. Gunter failed to turn over *all* of the underlying facts and data by the deadline of May 2, 2024. There is no dispute about that; nor is there any dispute that Dr. Beattie did not have *any* of the underlying facts and data when she drafted her rebuttal report. That fact supports my decision to permit Dr. Beattie to issue a supplemental report.

5. To the extent there is a question about the prejudice Drexel may or may not have suffered with respect to deposing Dr. Chad Wetterneck, it makes no difference because Drexel has chosen not to reopen Dr. Wetterneck's deposition. Drexel's decision means that my decision could not cause injustice, and there is therefore no reason to reconsider my ruling.

6. Ms. Gunter's argument that I must reconsider my prior Order to avoid a manifest injustice is little more than a false equivalence between her conduct and Drexel's. At bottom, Ms. Gunter suggests that sanctioning her for failing to produce all the facts and data her experts considered constitutes a manifest injustice because Drexel's expert did not produce all of the materials that she considered, either. This argument suggests that a litigant's discovery obligations are contingent on her adversary's compliance with its own. They aren't. In addition, Ms. Gunter ignores the fact that I ordered her to produce

3

all the underlying materials by May 2, 2024, and she failed to do so. Sanctioning her for failing to comply with a Court Order is not a manifest injustice.

7.  Finally, to the extent Ms. Gunter's Motion seeks to compel Drexel's production of certain materials that Dr. Beattie considered in forming her opinion, that issue is not ripe for review. Ms. Gunter has failed to include a certification that Counsel for the Parties were unable to resolve this discovery dispute after meeting and conferring, as required both Local Rule of Civil Procedure 26.1(f) and Section II.C.1 of my Policies and Procedures require. Thus, I will deny this aspect of Ms. Gunter's Motion without prejudice. If the Parties cannot resolve the dispute after meeting and conferring as required, then Ms. Gunter may file a renewed motion.

Therefore, it is **ORDERED** that Ms. Gunter's Motion To Alter Or Amend Under Rule 59(e) May 20, 2024 Order Granting Defendant Drexel University's Motion For Sanctions Related To Plaintiff's Failure To Timely Make Expert Disclosures (ECF No. 66) is **DENIED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.