IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**KIM GUNTER**,

    *Plaintiff,*

v.

**DREXEL UNIVERSITY**,

    *Defendant.*

Case No. 2:23-cv-02451-JDW

## ORDER

**AND NOW**, this 2nd day of December, 2024, upon consideration of Plaintiff Kim Gunter's Motion For Reconsideration Pursuant To Rule 59(e) Of November 5, 2024 Summary Judgment Order (ECF No. 94), I note as follows.

1. On November 5, 2024, I issued an Order, granting in part and denying in part the Motion For Summary Judgment Of Defendant, Drexel University.

2. Under the Court's Local Rules of Civil Procedure, "[m]otions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)." L. R. Civ. P. 7.1(g).

3. Though she styles her motion for reconsideration as one arising under Rule 59(e), that rule governs motions for to alter or amend a judgment. I have not entered a judgment in this case, so Rule 59(e) does not apply. Thus, Ms. Gunter's motion for

reconsideration is untimely because she filed it more than fourteen days after I issued my Order. On that basis alone, I can deny her Motion.

4.  Even if Ms. Gunter's motion were timely, it would still fail on the merits. A judge may reconsider a prior ruling if the moving party shows (a) an intervening change in the controlling law, (b) the availability of new evidence that was not available when the court issued its order, or (c) the need to correct a clear error of law or fact or to prevent manifest injustice. [See *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). It is not meant to offer litigants a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Nor is it a proper vehicle "to 'ask the Court to rethink what [it] had already thought through—rightly or wrongly.'" *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (quotation omitted).

5.  Ms. Gunter contends that there is a potential for manifest injustice because she believes I may have overlooked her claim that Bill Shea continued to subject her to a hostile work environment even after he no longer reported to her, by filing an internal complaint against her in May 2023. But I did not overlook this claim. Instead, I determined that this aspect of Ms. Gunter's hostile work environment claim was too undeveloped to survive summary judgment.

6.  Again, as I noted in my prior Memorandum, "Ms. Gunter's personal belief that Mr. Shea's EIC complaint against her was 'retaliatory' and 'not made in good faith' is

not dispositive ….." (ECF No. 89 at 15.) In other words, her belief that Mr. Shea's complaint of discrimination was fabricated is not proof or evidence that it was. And I also explained that "[t]he problem for Ms. Gunter is that for most of the incidents that she identifies, there's no evidence that Drexel faced a similar situation during Mr. Longazel's tenure." (Id. at 20). That's true of her claim based on Mr. Shea filing an internal complaint against her.

7. Indeed, in her response to Drexel's motion for summary judgment, Ms. Gunter made a single conclusory assertion that "the evidence supporting Plaintiff's claims shows: … Shea filed a complaint against Plaintiff in May 2023[,]" and she cited to two paragraphs from the Parties' Statement Of Undisputed Facts In Support Of Motion For Summary Judgment Of Defendant Drexel University ("SMF") and her own Statement Of Additional Material Facts ("AMF"). But those paragraphs and the related citations to the record just reveal the following facts: (a) Mr. Shea filed his own internal complaint of discrimination against Ms. Gunter; (b) Mr. Shea claimed discrimination after learning that Ms. Gunter had accused him of discrimination based on race and gender; (c) Mr. Shea had never complained about discriminatory treatment by Ms. Gunter before then; and (d) Ms. Gunter experienced "new severe emotional distress trauma" as a result. (ECF No. 80-1 at AMF ¶ 88.) These facts, even if true, do not create a genuine question as to whether Mr. Shea filed his own complaint against Ms. Gunter because of her race or sex.

8. In an attempt to resuscitate this aspect of her claim, Ms. Gunter makes new arguments that she failed to raise in response to Drexel's motion for summary judgment,

arguing that Mr. Shea's filing of an EIC complaint against her must have been based on her race or sex because Mr. Shea never filed a similar complaint against Mr. Longazel, even though Mr. Longazel had given Mr. Shea a written counseling disciplinary action. There are two problems with this argument.

9. Ms. Gunter did not make this argument when she opposed summary judgment, and a motion for reconsideration is not a vehicle "for addressing arguments that a party should have raised earlier." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (quotation omitted).

10. Also, the facts do not support Ms. Gunter's position. In this instance, Mr. Longazel is not an appropriate comparator. He is not similarly situated to Ms. Gunter because he never filed a complaint against Mr. Shea for sex or race discrimination. Knowing this, Ms. Gunter attempts to turn Mr. Longazel into a comparator by arguing that Mr. Shea filed his own EIC complaint against her because "she raised disciplinary actions, e.g., insubordination, in her EIC complaint against him." (ECF No. 94-1 at 4.) As an initial matter, filing an internal complaint of discrimination against an employee is not the same as taking disciplinary action against that employee. And there is no evidence in the record that supports Ms. Gunter's suggestion that Mr. Shea was retaliating against her due to some disciplinary action she took against him. In fact, Ms. Gunter herself acknowledges that Mr. Shea filed his complaint "more than 5 months after he was no

longer under [her] administrative management[.]" (*Id.* at 3.) Thus, even if timely, Ms. Gunter's motion does not warrant reconsideration of my prior ruling.

Therefore, it is **ORDERED** that Gunter's Motion For Reconsideration Pursuant To Rule 59(e) Of November 5, 2024 Summary Judgment Order (ECF No. 94) is **DENIED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.